Opinion issued December 31, 2009                                                 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-07-01123-CR

          
01-09-00931-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOHN LUCERO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 278th District Court

Grimes County, Texas

Trial Court Cause No. 16,019 (Counts II & III)

 

 

 



MEMORANDUM OPINION

 

          Appellant John Lucero was convicted by
a jury of two counts of indecency with a child, and the jury assessed
punishment on each count at 8 years’ imprisonment, to run concurrently,
and a $2,500 fine.  See Act of May
23, 2001, 77th Leg., R.S., ch. 739, § 2, sec. 21.11(a)(1), 2001 Tex. Gen.
Laws 1463, 1463 (former Tex. Penal Code § 21.11(a)(1), since
amended).  The indictment had four
counts.  At the beginning of trial, the
State abandoned count IV.  At the close
of the guilt-innocence phase of the trial, the trial court granted a directed
verdict of not guilty on counts I and IV. 
The jury found Lucero guilty of count II (appellate case number 01‑07‑01123‑CR,
involving complainant N.S.) and count III (appellate case number
01-09-00931-CR, involving complainant L.L.).

Lucero brings two issues on appeal, arguing that the trial court erred in
allowing the jury to hear the testimony of Richard Toney, who conducted a
psychological assessment of Lucero, and of Jane Reilly, the pediatric nurse
practitioner who examined one of the child complainants.  

We affirm.

Background

          Each of the two child complainants,
N.S. and L.L., testified at trial that Lucero touched her genitals.  Sherry Fetters, Lucero’s cousin, also
testified at trial that Lucero confessed to her that he had inappropriately
touched N.S. and L.L.

          After Lucero was arrested, he was
interrogated by the Grimes County Sheriff’s Department.  The interrogation was videotaped and Lucero
was given his statutory warnings.  See
Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005)
(establishing standards for admissibility of oral statement made by accused as
result of custodial interrogation). 
During the interrogation, Lucero admitted that (1) he touched both N.S.
and L.L. on their genitals over their clothes, (2) he touched N.S. directly on her
genitals, and (3) he told Sherry Fetters what he had done to N.S. and L.L.  Lucero also stated that he has had sexual
fantasies about children since he was sixteen and that he has struggled to not
act on these thoughts.  The videotape of
this interrogation was played to the jury at trial.

          After Lucero was placed in the Grimes
County jail, the sheriff’s department requested a psychological assessment of
Lucero after deputies overheard Lucero say he was concerned he might harm himself.  Richard Toney, a state
mental-health-and-mental-retardation employee, interviewed Lucero at the
jail.  Toney testified at trial about the
interview, stating:

He [Lucero] basically informed me that he had been
having thoughts of doing harm to himself. 
Saying some things, that he had attempted suicide in the past.  And my question was what gave him the
suicidal ideations.  And he informed me
that he had been having thoughts of, you know, touching little girls
inappropriately and things of that nature. 
And he went on to say the other information about him exposing himself
and – in a bathroom and going blank, or something like that.  And when he came to himself he had his hand
on the private area of the child.

 

          Toney also testified that the sheriff’s
department did not talk to him about why Lucero was in custody before he
interviewed Lucero.  Toney stated his
sole purpose in interviewing Lucero was to conduct a psychological assessment
to determine whether Lucero met the criteria for mental-health services, but he
also stated that he had a duty to report the information he learned to the
sheriff’s department.  Toney did not give
Lucero a warning that any incriminating information Lucero gave to him would be
reported to the sheriff’s department.

          Jane Reilly, a pediatric nurse
practitioner at Scotty’s House Child Advocacy Center, conducted a medical
examination on N.S. on July 27, 2006.  At
trial, Reilly testified that the examination consisted of a head-to-toe physical,
with special attention on the genital and anal area and testing for sexually
transmitted diseases.  During the course
of Reilly’s examination, N.S. told Reilly that Lucero touched her genitals.

Analysis

Testimony of mental
health professional

          In issue 1, Lucero contends the trial
court erred in allowing Toney to testify about Lucero’s admission that he
touched the genitals of one of the complainants.  Lucero contends that Toney was acting as a
law‑enforcement state agent and, therefore, his admission to Toney
resulted from a custodial interrogation which required both constitutional and
statutory safeguards.  See U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005) (setting out
statutory requirements for admission of oral statement made as result of
custodial interrogation); see also Dickerson v. United States,
530 U.S. 428, 120 S. Ct. 2326 (2000); Miranda v. Arizona, 384 U.S. 436,
86 S. Ct. 1602 (1966); Wilkerson v. State, 173 S.W.3d 521 (Tex. Crim.
App. 2005) (discussing admissibility of defendant’s incriminating statement to
Child Protective Services worker made during jail interview).

          The trial court heard argument of
counsel, outside the presence of the jury, concerning the admissibility of
Toney’s testimony.  Although the trial
court expressed its opinion that Toney’s interview was a custodial
interrogation by a state official, the trial court, relying on Wilkerson v.
State, ultimately overruled Lucero’s objection to Toney’s testimony.  Both Lucero’s trial counsel and the trial
court noted that Toney’s testimony was cumulative of Lucero’s statements during
his interrogation, which the jury had already seen on videotape.

          We agree with the trial court that
Toney’s testimony was cumulative of Lucero’s statements made during his
interrogation.  Any error in admitting
Toney’s testimony was therefore harmless. 
See Tex. R. App. P.
44.2; see also Clay v. State,
240 S.W.3d 895, 905–06 (Tex. Crim. App. 2007) (holding that properly admitted
evidence independently supported jury’s verdict).

          We overrule issue 1.

Testimony of nurse practitioner

          In issue 2, Lucero contends the trial
court erred in allowing Reilly to testify about N.S.’s statement that Lucero
touched her genitals inside her panties. 
Lucero claims that N.S.’s statement does not fall under the exception to
the hearsay rule for statements for the purpose of medical diagnosis or
treatment, Tex. R. Evid. 803(4),
because N.S. had not complained of any physical injury and the examination was
performed for the purpose of investigating for physical evidence of sexual
abuse.  Rule 803(4) excludes from
the ordinary hearsay rule, Tex. R. Evid.
802, those “[s]tatements made for purposes of medical diagnosis or treatment
and describing medical history, or past or present symptoms, pain, or sensations,
or the inception or general character of the cause or external source thereof
insofar as reasonably pertinent to diagnosis or treatment.”

Lucero’s complaint at trial and on appeal is that the medical-diagnosis
exception should not apply in this case because the examination performed by
Reilly was not for any purpose of medical examination, but instead was for the
purpose of a criminal investigation.[1]  This argument is premised on the chain of
events that led to Reilly’s examination. 
Lucero contends that N.S. did not present any physical complaint and
that Reilly’s examination of N.S. was simply part of the State’s criminal
investigation, performed for the purpose of finding evidence of sexual
abuse.  Lucero thus argues that under
such circumstances, Rule 803(4) cannot apply.

          In determining whether a trial court erred
in admitting hearsay evidence under an exception to the hearsay rule, we
consider whether the trial court clearly abused its discretion.  Taylor v. State, 268 S.W.3d 571, 579
(Tex. Crim. App. 2008).  Before the
appellate court reverses a trial court’s decision, it must conclude the trial
court’s ruling was so clearly wrong as to lie outside the zone within which
reasonable people might disagree.  Id.;
see also Montgomery v. State, 810 S.W.2d 372, 390–91 (Tex. Crim. App. 1991)
(discussing abuse‑of‑discretion standard in evidentiary matters).

The trial court overruled Lucero’s objections after hearing Reilly’s
testimony concerning the purpose of the examination.  Reilly testified that she performed a medical
examination on N.S.  She explained that
her standard examination consists of a head‑to‑toe physical, with
special attention on the genital and anal area and testing for sexually
transmitted diseases.  Reilly further
testified that if she found any injury, then she would prescribe a course of
treatment.

Lucero has not demonstrated that the trial court’s implied ruling—that
Reilly’s examination was for the purpose of medical diagnosis or treatment—was
so clearly wrong as to lie outside the zone within which reasonable people
might disagree.  We therefore hold the
trial court did not abuse its discretion in admitting Reilly’s testimony. [2]

          We overrule issue 2.

 

 

 

Conclusion

          We affirm the
judgments of the trial court on counts II and III.

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.

Do not
publish.  Tex. R. App. P. 47.2(b).

 











[1]        Lucero
did not specifically argue at trial or on appeal that the State failed to show
that N.S. was aware that her statements were made for the purposes of medical
diagnosis or treatment, or that proper diagnosis or treatment depended upon the
veracity of such statements.  See Taylor
v. State, 268 S.W.3d 571, 588–89 (Tex. Crim. App. 2008).  Accordingly, we do not consider that issue on
appeal.

 





[2]        The trial
court also noted, and we agree, that Reilly’s testimony was cumulative of
Lucero’s statements during his interrogation, with the one exception of N.S.
telling Reilly that it hurt when Lucero touched N.S. directly on the genitals.